IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NAIAD MARITIME CO., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GULF SHIPPING CO. LTD., <br><br> Defendant, <br><br> and <br><br> GAVILON FERTILIZER, LLC, <br><br> GAVILON FERTILIZER MANAGEMENT SERVICE COMPANY, LLC, <br><br> KOCH FERTILIZER, LLC <br><br> Garnishees. | C.A. No. <br><br> IN ADMIRALTY |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Naiad Maritime Co. ("Naiad") brings this action against Pacific Gulf Shipping Co. Ltd ("PGSC") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims and for a cause of action states as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Supplemental Rule B and Fed. R. Civ. P. 9(h).

2. This complaint is further brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this Court because the Garnishees are located and can be found in this District and because property in which PGSC has an interest is or soon will be in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

4. Naiad is a Greek corporation, is and was the owner of M/V MARYLISA V ("Vessel") at all times material to this action, and has its principal place of business in Athens, Greece.

5. PGSC is a Marshall Islands corporation, is and was the time charterer of the M/V MARYLISA V at all times material to this action, and has its principal place of business in Karachi, Pakistan.

6. Garnishee Gavilon Fertilizer, LLC ("Gavilon Fertilizer") is an entity with a registered agent located in this District which, on information and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to PGSC.

7. Garnishee Gavilon Fertilizer Management Service Company, LLC ("GF Management") is an entity with a registered agent located in this District which, on information and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to PGSC.

8. Garnishee Koch Fertilizer, LLC ("Koch") is an entity with a registered agent located in this District which, on information and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to PGSC.

### Facts

9. As detailed in the London Arbitration Demand, Exhibit A hereto ("Arbitration Demand"), on or about August 21, 2015, PGSC entered into a charter party with Naiad pursuant

to which Naiad agreed to charter the Vessel for one time charter trip via Penang, Indonesia to load harmless Palm Kernel Shells in bulk only for discharge.

10. The Arbitration Demand further details that it was an express condition of the Charterparty and PGSC expressly warranted and guaranteed, that the cargo to be carried was "harmless" (and accordingly was not dangerous).

11. Upon loading of the Vessel at Penang, as also detailed in the Arbitration Demand, the cargo loaded proved to be dangerous. Specifically, the temperature of the cargo rose and emitted hazardous gas. Naiad demanded that PGSC pay for the safe offload of the cargo and generally to remediate the hazardous conditions; PGSC has failed or refused to do so. The estimated damages and costs of such payment and indemnity as required by the Charter Party is at least USD 1,956,442.58, as detailed in the Arbitration demand, Exhibit A hereto.

12. PGSC also has failed to pay charter hire for the Vessel and presently owes Naiad at least USD 278,204.48 in unpaid charter hire, further detailed in the Arbitration demand, Exhibit A hereto.

13. Future charter hire accrues at the contractual rate of USD 8,000 per day, beginning November 13, 2015.

14. PGSC is therefore indebted to Naiad in the amount of at least USD 2,234,647.06, which amount increases by USD 8,000 per day beginning on November 13, 2015.

### Count I – Breach of Maritime Contract

15. Naiad incorporates the above paragraphs as if fully set forth herein.

16. PGSC has breached its maritime contract with Naiad as set out above. Despite repeated demand, Naiad remains unpaid.

17. Naiad therefore demands judgment, as set out more fully below.

01:18092403.1

## Count II: Maritime Attachment and Garnishment (Rule B)

18. Naiad incorporates the above paragraphs as if specifically set forth herein.

19. Naiad seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration.

20. No security for Naiad's claims has been posted by PGSC or anyone acting on its behalf to date.

21. PGSC cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Gavilon Fertilizer, GF Management and Koch.

## Prayer for Relief

WHEREFORE, Naiad prays:

A. That in response to Count I, judgment be entered against Pacific Gulf Shipping Co Ltd., and in favor of Naiad Maritime Co,. in the amount of at least **USD 3,351,970.59** (USD 2,234,647.06, plus an additional 50% as provided in Supplemental Admiralty and Maritime Rule E, to allow for future charter hire accrued, interest, fees and costs) as provided in the parties' contract, plus the costs of this action;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of PGSC's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Naiad's claims, and that all persons claiming any interest in

the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.    That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

      D.    That this Court award Naiad such other and further relief that this Court deems just and proper.

                      YOUNG CONAWAY STARGATT & TAYLOR LLP

                      */s/ Timothy Jay Houseal*
                      Timothy Jay Houseal (Del. Bar ID No. 2880)
                      Rodney Square
                      1000 North King Street
                      Wilmington, DE 19801
                      (302) 571-6682
                      thouseal@ycst.com

                      *Attorneys for Naiad Maritime Co.*

**OF COUNSEL**

J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone:   (410) 783-5795
Facsimile:    (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

Dated: December 21, 2015.

01:18092403.1